Aaron J. Bass, OSB No. 066236
Email: abass@sbhlegal.com
Randi J. Ensley, OSB No. 150975
Email: rensley@sbhlegal.com
SBH Legal
1200 SW Main Street
Portland, Oregon 97205
Telephone: 503-412-3119

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## DIVISION

| | |
|---|---|
| M.L., a pseudonym,<br><br>    Plaintiff,<br>  v.<br><br>CASTRO & CANTU, LLC, a domestic limited liability company, dba Mojave Grill & Cantina, JOHN CANTU, an individual, BEATRIZ CANTU, an individual, INTERMOUNTAIN CLAIMS, INC., a foreign corporation, and JOE LEE, an individual,<br><br>    Defendants. | Case No. 3:21-cv-00526-YY<br><br>**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Intermountain Claims, Inc. and Joe Lee, referred to herein as "Defendants" by and through undersigned counsel, state as follows for their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint").

1. On information and belief, Defendants admit Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of Plaintiff's Complaint and therefore deny those allegations.

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 1**

4. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of Plaintiff's Complaint and therefore deny those allegations.

5. Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint requires no response.

8. Paragraph 8 of Plaintiff's Complaint is incomprehensible, and Defendants therefore deny those allegations.

9. Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10. On information and belief, Defendants admit Paragraph 10 of Plaintiff's Complaint.

11. On information and belief, Defendants admit Plaintiff is from Mexico and is Hispanic.

12. On information and belief, Defendants admit Plaintiff's primary language is Spanish.

13. On information and belief, Defendants admit Paragraph 13 of Plaintiff's Complaint.

14. On information and belief, Defendants admit Mojave Grill paid Plaintiff at a rate of $14.00 per hour. Defendants deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. On information and belief, Defendants admit Mojave Grill paid Plaintiff a $40.00 per day flat rate for days she spent three hours cleaning. Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of Plaintiff's Complaint and therefore deny those allegations.

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 2**

17. Defendants admit Intermountain Claims employs more than 6 employees and on information and belief, admit Mojave Grill employs more than 6 employees. Defendants deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of Plaintiff's Complaint and therefore deny those allegations.

19. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of Plaintiff's Complaint and therefore deny those allegations.

20. Defendants admit the allegations in Paragraph 20 of Plaintiff's Complaint.

21. On information and belief, Defendants admit Paragraph 21 of Plaintiff's Complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of Plaintiff's Complaint and therefore deny those allegations.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24. On information and belief, Defendants admit Paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations in Paragraph 26 of Plaintiff's Complaint.

27. On information and belief, Defendants admit Paragraph 27 of Plaintiff's Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of Plaintiff's Complaint and therefore deny those allegations.

29. Defendants admit the allegations in Paragraph 29 of Plaintiff's Complaint.

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 3**

30. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of Plaintiff's Complaint and therefore deny those allegations.

31. On information and belief, Defendants admit Paragraph 31 of Plaintiff's Complaint.

32. Defendants admit the allegations in Paragraph 32 of Plaintiff's Complaint.

33. On information and belief, Defendants admit Plaintiff reported the injury to Mojave Grill. Defendants deny the remaining allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of Plaintiff's Complaint as to Defendants Mojave Grill, Beatriz Cantu and John Cantu and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 35 of Plaintiff's Complaint and therefore deny those allegations.

36. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 of Plaintiff's Complaint and therefore deny those allegations.

37. Defendants admit the allegations in Paragraph 37 of Plaintiff's Complaint.

38. On information and belief, Defendants admit Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit Paragraph 39 of Plaintiff's Complaint.

40. On information and belief, Defendants admit Paragraph 40 of Plaintiff's Complaint.

41. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of Plaintiff's Complaint and therefore deny those allegations.

42. Defendants admit Paragraph 42 of Plaintiff's Complaint.

43. Defendants admit Joe Lee interviewed Plaintiff on June 3, 2019 and June 7, 2019.

44. On information and belief, Defendants admit Paragraph 44 of Plaintiff's Complaint.

45. Defendants admit Paragraph 45 of Plaintiff's Complaint.

46. Defendants admit Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny Paragraph 49 of Plaintiff's Complaint.

50. Defendants admit Paragraph 50 of Plaintiff's Complaint.

51. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of Plaintiff's Complaint and therefore deny those allegations.

52. Defendants deny interviewing, investigating, or questioning the eligibility of the employment status of any of Mojave Grill's employees.

53. Defendants deny investigating any of Mojave Grill's employees for workplace status or workplace eligibility.

54. Defendants admit they interviewed Plaintiff regarding her workers' compensation claims and deny the remaining allegations in Paragraph 54 of Plaintiff's Complaint.

55. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of Plaintiff's Complaint and therefore deny those allegations.

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 5**

56. Defendants admit Plaintiff did not provide proof of employment eligibility during the interviews because Defendants did not ask for such information. from Plaintiff. Defendants deny the remaining allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

62. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of Plaintiff's Complaint and therefore deny those allegations.

63. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 of Plaintiff's Complaint and therefore deny those allegations.

64. Defendants lack knowledge or information sufficient to form a belief as to the reasons Mojave Grill fired Plaintiff and therefore deny that allegation. Defendants deny the remaining allegations in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny Paragraph 65 of Plaintiff's Complaint.

66. Defendants deny Intermountain Claims' involvement in the decision to terminate Plaintiff and Defendants lack knowledge or information sufficient to form a belief as to the reasons Mojave Grill fired Plaintiff and therefore deny that allegation. Defendants deny the remaining allegations in Paragraph 66 of Plaintiff's Complaint.

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 6**

67. Defendants deny performing unlawful status checks on Plaintiff's workplace eligibility. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 67 of Plaintiff's Complaint and therefore deny those allegations.

68. On information and belief, Defendants admit Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

71. Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

72. Paragraph 72 of Plaintiff's Complaint requires no response.

73. Paragraph 73 of Plaintiff's Complaint requires no response.

74. Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

75. Paragraph 75 of Plaintiff's Complaint requires no response.

76. Defendants admit Paragraph 76 of Plaintiff's Complaint.

77. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 77 of Plaintiff's Complaint and therefore deny those allegations.

78. Defendants admit Plaintiff was released to full duty on or about May 2020. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 78 of Plaintiff's Complaint and therefore deny those allegations.

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 7**

79. Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

80. Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

81. On information and belief, Defendants admit Paragraph 81 of Plaintiff's Complaint.

82. Defendants deny the allegations in Paragraph 82 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

83. Defendants deny the allegations in Paragraph 83 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

84. Defendants deny the allegations in Paragraph 84 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

85. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 of Plaintiff's Complaint and therefore deny those allegations.

86. Defendants deny the allegations in Paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations in Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations in Paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations in Paragraph 89 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

90. Defendants deny the allegations in Paragraph 90 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

91. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 91 of Plaintiff's Complaint and therefore deny those allegations.

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 8**

92. Defendants deny the allegations in Paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations in Paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

95. Defendants deny the allegations in Paragraph 95 of Plaintiff's Complaint as to Intermountain Claims and Joe Lee.

96. Defendants deny the allegations in Paragraph 96 of Plaintiff's Complaint.

97. Paragraph 97 of Plaintiff's Complaint requires no response.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any amount alleged in her Prayer for Relief. Except as specifically admitted above, Defendant denies the allegations set out in the Complaint including the allegations in Paragraphs 1 to 97.

Defendants reserves the right to add, delete, or amend their answer as discovery progresses.

## AFFIRMATIVE DEFENSES

Defendants incorporate their responses to Paragraphs 1 through 97 of the Complaint as set forth herein. Defendants reserve the right to add or change affirmative defenses as new information is discovered. Without assuming Plaintiff's burden of proof as to any claim or issue, Defendants assert the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state ultimate facts entitling her to relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

At all times herein, Defendants acted in good faith, with the belief that all acts and omissions complied with Oregon and federal law.

////

### THIRD AFFIRMATIVE DEFENSE

Some or all of the relief requested must be reduced because of Plaintiff's failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

All of Defendants' actions were taken for legitimate, non-discriminatory, non-pretextual reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a causal connection between her exercise of statutory rights and any adverse employment action.

### SEVENTH AFFIRMATIVE DEFENSE

All or some of the claims and remedies sought may be barred by the after-acquired evidence doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants deny having any wrongful or discriminating motivation with respect to Plaintiff but assert that the actions of which Plaintiff complains would have been taken for lawful reasons independent of any alleged wrongful motivation.

### NINTH AFFIRMATIVE DEFENSE

Defendants cannot be held liable because they did not have the requisite discriminatory intent to aid or abet.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray as follows:

////

**DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES - 10**

1. For dismissal of the Complaint with prejudice;

2. Enter judgment in their favor and declare them the prevailing party;

3. For Defendants' costs, fees, disbursements, incurred herein; and

4. For such other relief as the court may deem equitable, just, and proper.

DATED: July 19, 2021

        SBH LEGAL

        _____
        Aaron J. Bass, OSB No. 066236
        Randi J. Ensley, OSB No. 150975
        Attorneys for Castro & Cantu, LLC

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 19, 2021, I e-Filed the foregoing **DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES** through the District of Oregon Document Filing System and Served on the following:

>Mark O. Hatfield U.S. Courthouse
>1000 S.W. Third Ave.
>Portland, OR 97205

I further certify that on July 19, 2021, I served a copy of the **DEFENDANTS INTERMOUNTAIN CLAIMS, INC. AND JOE LEE'S ANSWER AND AFFIRMATIVE DEFENSES** via Odyssey e-File and Serve, and e-mail on the following:

| | |
|---|---|
| Quinn Kuranz<br>The Office of Q.E. Kuranz, AAL, LLC<br>65 SW Yamhill St., Suite 300<br>Portland, OR 97204<br>E-mail: quinn@kuranzlaw.com<br>Attorney for Plaintiff | Frederick Cann<br>Cann Lawyers, PC<br>620 SW Main Street, Suite 205<br>Portland, Oregon 97205<br>Mail to: PO Box F, Long Beach, WA 98631<br>E-mail: fcann@fcann.com<br>Attorney for Castro & Cantu LLC, John Cantu and Beatriz Cantu |

SBH Legal

_____
Aaron J. Bass, OSB No. 066236
Randi J. Ensley, OSB No. 150975
Attorneys for Intermountain Claims, Inc. and Joe Lee